## Caldwell v. LoMonaco

*D. W. Knauer*, for plaintiff.

WILLIAMS, *S.J.*, February 5, 1982—Plaintiff has filed a motion for summary judgment against Donald LoMonaco, one of defendants in the above captioned case. The basis of the motion is admissions made by the aforesaid defendant by reason of his failure to file a response to a request for admis-

sions filed by plaintiff. Whatever merit the motion may otherwise have, it must fall by reason of defective service.

The request for admissions was filed November 18, 1981. Plaintiff attempted service by mailing a copy of the request to defendant Lo Monaco, but the letter was returned by the United States Post Office marked "Moved, not forwardable." A copy was also sent to R. Brock Gerson, Esq., a New York City attorney who had entered an appearance for LoMonaco.

Pa.R.C.P. 4014(a) provides in pertinent part: "Copies of documents shall be served with the request unless they have been or are otherwise furnished or available for inspection and copying in the county."

Copies were mailed to both defendant and R. Brock Gerson, Esq. A request for admissions must be served in the manner provided by Pa.R.C.P. 233. That rule permits service to be made ". . . by leaving a copy or mailing a copy to him at the address of the party *or his attorney of record . . .*" (Emphasis supplied.) This is the method of service employed by plaintiff.

Defendant admittedly never received the notice mailed to him and as a result thereof it appears that the appropriate method of service on LoMonaco would be by publication as permitted by Pa.R.C.P. 233(c). The service on R. Brock Gerson, Esq. was faulty because he does not qualify as "attorney of record" as that term is defined in Pa.R.C.P. 76.

That rule defines an attorney of record in this manner: "'attorney of record' *an attorney at law* who is entered on the docket or record of a court as

appearing for or representing a party in a legal proceeding."

Rule 76 defines "an attorney at law" in this manner: "'attorney at law,' an individual admitted to practice law by a court of record of this Commonwealth."

Since Mr. Gerson practices in New York City, is not admitted to practice in Pennsylvania, he is not an attorney of record upon whom the request for admissions may be properly served.

Further, while R. Brock Gerson, Esq. did file an answer for defendant LoMonaco to plaintiff's complaint, we do not find in the record any praecipe directing the prothonotary to enter his appearance for LoMonaco. While the answer clearly discloses that R. Brock Gerson, Esq. represented LoMonaco, he failed to comply with the requirement of Pa.R.C.P. 1012 in that the answer nowhere states an address within Pennsylvania where process may be served.

It is clear that R. Brock Gerson, Esq. is not the attorney of record as defined by the Pennsylvania Rules of Civil Procedure and for that reason service of the request for admissions upon him is a nullity.

ORDER

And now, February 5, 1982, plaintiff's motion for summary judgment against Donald LoMonaco is denied.